## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONITA KING | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTON |
| | : |
| CITY OF PHILADELPHIA d/b/a | : No. 2:24-cv-01003 |
| PHILADELPHIA POLICE DEPARTMENT, | : |
| CAPTAIN JASON SMITH, LT. DANIEL | : |
| BROOKS, LT. HAMILTON MARSHMOND | : |
| and INSP. CHRISTOPHER WERNER | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion of Defendants, City of Philadelphia d/b/a Philadelphia Police Department, Captain Jason Smith, Lieutenant Daniel Brooks, Lieutenant Hamilton Marshmond, and Inspector Christopher Werner, to Partially Dismiss Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion to Dismiss is **GRANTED**.

It is **ORDERED** and **DECREED** that Plaintiff's equal protection claims against Defendants, Lieutenant Daniel Brooks and Lieutenant Hamilton Marshmond, are **DISMISSED WITH PREJUDICE**.

It is FURTHER ORDERED that Plaintiff's claims for punitive damages against Defendant, City of Philadelphia d/b/a Philadelphia Police Department, are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
                                                                        J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONITA KING | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTON |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | No.  2:24-cv-01003 |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| CAPTAIN JASON SMITH, LT. DANIEL | : | |
| BROOKS, LT. HAMILTON MARSHMOND | : | |
| and INSP. CHRISTOPHER WERNER | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## MOTION OF DEFENDANTS, CITY OF PHILADELPHIA D/B/A PHILADELPHIA POLICE DEPARTMENT, CAPTAIN JASON SMITH, LIEUTENANT DANIEL BROOKS, LIEUTENANT HAMILTON MARSHMOND, AND INSPECTOR CHRISTOPHER WERNER TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendants, City of Philadelphia d/b/a Philadelphia Police Department, Captain Jason Smith, Lieutenant Daniel Brooks, Lieutenant Hamilton Marshmond, and Inspector Christopher Werner (hereinafter together referred to as "Moving Defendants"), by and through their undersigned counsel, Marshall Dennehey, P.C., and John Gonzales, Esquire, respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) for: (1) dismissal of Plaintiff's equal protection claims against Defendants, Lieutenant Daniel Brooks and Lieutenant Hamilton Marshmond, and (2) dismissal of Plaintiff's punitive damages claims against Defendant, City of Philadelphia d/b/a Philadelphia Police Department.

Moving Defendants request this Honorable Court enter the proposed Order for the reasons set forth in the accompanying Memorandum of Law, incorporated by reference herein.

MARSHALL DENNEHEY, P.C.

BY: _____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
*City of Philadelphia, Captain Jason Smith,*
*Lt. Hamilton Marshmond, Insp. Christopher*
*Werner, and Lt. Daniel Brooks*

Date:  April 29, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMONITA KING | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTON |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | No. 2:24-cv-01003 |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| CAPTAIN JASON SMITH, LT. DANIEL | : | |
| BROOKS, LT. HAMILTON MARSHMOND | : | |
| and INSP. CHRISTOPHER WERNER | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS, CITY
OF PHILADELPHIA D/B/A PHILADELPHIA POLICE DEPARTMENT, CAPTAIN
JASON SMITH, LIEUTENANT DANIEL BROOKS, LIEUTENANT HAMILTON
MARSHMOND, AND INSPECTOR CHRISTOPHER WERNER TO PARTIALLY
DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants, City of Philadelphia d/b/a Philadelphia Police Department, Captain Jason

Smith, Lieutenant Daniel Brooks, Lieutenant Hamilton Marshmond, and Inspector Christopher

Werner (hereinafter together referred to as "Moving Defendants"), by and through their

undersigned counsel, Marshall Dennehey, P.C., respectfully move pursuant to Federal Rule of

Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint as it relates to Plaintiff's equal protection

claims against Defendants, Lieutenant Daniel Brooks and Lieutenant Hamilton Marshmond, and

to dismiss Plaintiff's claims for punitive damages against Defendant, City of Philadelphia d/b/a

Philadelphia Police Department. In support thereof, Moving Defendants aver as follows:

I.      **FACTUAL BACKGROUND**

Plaintiff, Ramonita King, filed the instant Complaint in the United States District Court for

the Eastern District of Pennsylvania against Defendants, City of Philadelphia d/b/a Philadelphia

Police Department, Captain Jason Smith, Lieutenant Daniel Brooks, Lieutenant Hamilton Marshmond, and Inspector Christopher Werner on March 7, 2024. ECF #[1]. Plaintiff's Complaint contains seven counts against the Defendants:

- Count I: Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 (against Defendants Captain Smith, Inspector Werner, Lieutenant Marshmond, and Lieutenant Brooks;
- Count II: Violation of 42 U.S.C § 1983 for supervisor liability (against Defendant, Captain Smith, only)
- Count III: Violation of the Pennsylvania Whistleblower Act, 43 Pa.C.S. § 1421, *et seq.* (against Defendant, City of Philadelphia, only)
- Count IV: Violation of Title VII, 42 U.S.C. § 2000e-2(a) for hostile work environment (against Defendant, City of Philadelphia, only)
- Count V: Violation of Title VII, 42 U.S.C. § 2000e-2(a) for retaliation (against Defendant, City of Philadelphia, only)
- Count VI: Violation of Pennsylvania's Human Rights Act for hostile work environment (against Defendant, City of Philadelphia, only)
- Count VII: Violation of Pennsylvania's Human Rights Act for retaliation (against Defendant, City of Philadelphia, only)

Id. at ¶¶ 119 – 181.

Plaintiff alleges that she began her employment as a patrol officer with the Philadelphia Police Department in 1990. Id. at ¶ 14. In December 2019, Plaintiff alleges that she began working in the Homicide Unit after more than twenty years as a detective. Id. at ¶ 32. Upon her joining the Homicide Unit, Plaintiff asserts that supervisors denied her request for a partner and denied her the opportunity to obtain additional training. Id. at ¶¶ 33-43. Further, Plaintiff alleges that in February 2022, she met with Captain Smith and Lieutenant Walsh, and during that meeting, she "expressed . . . that women in the Homicide Unit are not treated with fairness and respect." Id. at ¶ 55. Despite this allegation, Plaintiff contests that she "urged Captain Smith to simply talk to the men in the Unit about their treatment of women in the workplace instead of forcing her to file a formal complaint, but Captain Smith commanded Lieutenant Walsh to file the complaint regardless of what she wanted." Id. at ¶ 58. Upon Plaintiff's return to the office, Plaintiff alleges

that "approximately half of the Homicide Unit refused to speak to her and greeted her with horrid, judgmental stares." Id. at ¶ 60. On April 7, 2022, Plaintiff alleges that Lieutenant Brooks commented to the unit, "Who wants cheese?", a comment which Plaintiff understood as calling Plaintiff a "rat". Id. at ¶ 63. Additionally, Plaintiff alleges she was contacted by Lieutenant Brent Conway in regard to her EEO complaint against Lieutenant Walsh, and that she "advised that she did not want to pursue the complaint and that it was submitted without her consent. Id. at ¶ 72. Subsequently, Plaintiff was the subject of another Internal Affairs Division (IAD) complaint in relation to an incident where she allegedly "took an avocado and placed it between her breasts and touched [Detective Crone] inappropriately." Id. at ¶ 74.

Consequently, Plaintiff alleges that on January 25, 2023, she began a new assignment working with the Gun Permit Unit, but that this position "constituted a significant pay decrease due to the lack of overtime opportunities." Id. at ¶ 102. Plaintiff further alleges that she found a "plastic rat" inside her desk drawer. Id. at ¶ 103.  Plaintiff alleges that she took leave under the Family Medical Leave Act ("FMLA") from February 9, 2023 to March 11, 2023 due to the stress she caused by her workplace environment. Id. at ¶¶ 106 – 107. Ultimately, Plaintiff alleges that she "repeatedly brought her concerns regarding the rampant sexism and retaliation in the Department, specifically the Homicide Unit, to the attention of various senior officials", but that "these pleas for action were either dismissed or ignored." Id. at ¶ 116.

## II.     QUESTIONS PRESENTED

1. Should Count I of Plaintiff's Complaint be dismissed, with prejudice, against Defendants, Lieutenant Brooks and Lieutenant Marshmond, because Plaintiff has failed to plead sufficient facts to support a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution?

   **Suggested Answer: Yes.**

2.  Should Plaintiff's claims for punitive damages against Defendant, City of Philadelphia d/b/a Philadelphia Police Department be dismissed, with prejudice, because punitive damages are not able to be recovered from a municipality?

    **Suggested Answer: Yes.**

## III.   <u>STANDARD OF REVIEW</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. <u>Arndt v. Johnson & Johnson</u>, 67 F. Supp. 3d 673, 676 (E.D. Pa. 2014). While only a short and plain statement of the claim showing that the pleader is entitled to relief which gives the defendant "fair notice of what the claim is and the grounds upon which it rests" is required by Federal Rule of Civil Procedure 8, the plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." <u>Id</u>. at 677 (<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must have pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). The factual allegations must be "enough to raise a right to relief above the speculative level." <u>Id</u>. (<u>Twombly</u>, 550 U.S. at 555).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. The Supreme Court has rejected the notion that a pleading will suffice where it simply puts forth "labels and conclusions" or provides "a formulaic recitation of the elements of a cause of action." <u>Id</u>. Likewise, ""naked assertions devoid of further factual enhancement[s]"" does not provide sufficient pleadings pursuant to Fed. R. Civ. P. 8. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 *citing* <u>Twombly</u> at 557; <u>see also</u> <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d. Cir. 2005) (stating that a court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss).

The determination of whether to grant a motion to dismiss requires liberal interpretation of the complaint, accepting all factual allegations in the complaint as true, while drawing all plausible inferences in favor of the plaintiff. See Twombly, 550 U.S at 555; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). Yet, neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The court's obligation to accept allegations as true also does not apply to legal conclusions. See Iqbal, 556 U.S. at 678. Accordingly, the court must first identify conclusive allegations in the complaint that are not entitled to the assumption of truth and then consider whether the remaining allegations "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

## IV.   LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST LIEUTENANT BROOKS AND LIEUTENANT MARSHMOND SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO SUPPORT A CLAIM FOR A VIOLATION OF PLAINTIFF'S EQUAL PROTECTION RIGHTS

The Fourteenth Amendment to the United States Constitution mandates that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. The Equal Protection Clause has a stated purpose of protecting "every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citation and internal quotation marks omitted). Although claims brought pursuant to the Equal Protection Clause typically focus on government classifications of groups that are treated differently than others, see City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439-42 (1985), the Supreme Court has recognized that an

individual, or a "class of one," may be entitled to protection if they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Olech, 528 U.S. at 564 (citation omitted). This "class of one theory" applies whenever a plaintiff invokes the Equal Protection Clause, but "does not allege membership in a class or group[.]" *Id.* (citation omitted); see also Paradise Concepts, Inc. v. Wolf, 482 F. Supp. 3d 365, 372 (E.D. Pa. 2020) ("Because [p]laintiffs do not allege membership in a historically disparaged class or group, they are proceeding on a 'class of one' theory." (citation omitted)). Such claims are appropriate where "it appears that an individual is being singled out by the government . . ." such that "the specter of arbitrary classification is fairly raised." Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 602 (2008). Thus, a "class of one" plaintiff "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).    Preliminarily, the pleading standard in this circuit is outdated with respect to whether a plaintiff has sufficiently plead that "the defendant treated him differently from others similarly situated[.]" *Hill*, 455 F.3d at 239; see also Pro. Dog Breeders Advisory Council, Inc. v. Wolff, 752 F. Supp. 2d 575, 587 (E.D. Pa. 2010); Perano v. Twp. of Tilden, No. CIV.A.09-00754, 2010 WL 1462367, at *9 (E.D. Pa. Apr. 12, 2010), *aff'd*, 423 F. App'x 234 (3d Cir. 2011). The dearth of jurisprudence in this jurisdiction addressing the "class of one" theory has been repeatedly recognized by the Third Circuit. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) ("We have little jurisprudence discussing this 'class of one' theory." (citing Hill, 455 F.3d at 239 ("Our court has not had the opportunity to consider the equal protection 'class of one' theory at any length."))); see also Chavarriaga, 806 F.3d at 233; Renchenski v. Williams, 622 F.3d 315,

338 (3d Cir. 2010). As a result, the pleading standard governing a "class of one" claim has gone stale.

In <u>Phillips</u>, the Third Circuit held that a "class of one" plaintiff was not required to "identify in a complaint actual instances where others have been treated differently for purposes of equal protection." 515 F.3d at 244 (citation omitted). In adopting this lenient pleading standard, the court relied upon the rationale of a case decided by a sister circuit. <u>Id.</u> at 244 (citing <u>DeMuria v. Hawkes</u>, 328 F.3d 704, 707 (2d Cir. 2003)). In illustrating the Second Circuit's decision in <u>DeMuria</u>, the court explained, "[a]lthough <u>DeMuria</u> does relax the 'class of one' pleading requirements by negating the need for specificity, an allegation of an equal protection violation still must contain a claim that a plaintiff has been treated differently from others who are similarly situated." <u>Id</u>. This "general allegation" pleading standard does not require a pleading of specific factual contentions as to the allegedly similarly situated parties. <u>Id</u>.

Nevertheless, both <u>Phillips</u> and <u>DeMuria</u> were decided before federal pleading standards were altered by <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (requiring a complaint contain more than "thread-bare recitals of the elements of a cause of action." (citation omitted)). <u>See</u> <u>Wolff</u>, 752 F. Supp. 2d at 587 ("This District has noted that reliance on the lenient pleading standard for the class-of-one Equal Protection plaintiff as stated in <u>Phillips</u> is misplaced in light of <u>Iqbal</u>[.]") As a result, the rationale supporting the Third Circuit's decision in <u>Phillips</u> is no longer good law, as evidenced by the Second Circuit's abrogation of <u>DeMuria</u>. <u>See</u> <u>Ruston v. Town Bd. for Town of Skaneateles</u>, 610 F.3d 55, 59 (2d Cir. 2010) ("We hold that the pleading standard set out in <u>Iqbal</u> supersedes the 'general allegation' deemed sufficient in <u>DeMuria</u>[.]"). Therefore, tension now exists between <u>Phillips</u> and <u>Iqbal</u>, and the Third Circuit has not yet taken an authoritative position with respect to the issue. <u>See</u> <u>Perano v. Twp. of Tilden</u>, 423 F. App'x 234, 238–39 (3d Cir. 2011)

("Without more specific factual allegations as to the allegedly similarly situated parties, [Perano] has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects.").

In the present case, however, Plaintiff's asserted equal protection claims against Lieutenant Brooks and Lieutenant Marshmond are impotent under both standards. See Hill, 455 F.3d at 239. Still, precedent mandates that we begin by "'identif[ing] the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" See Chavarriaga, 806 F.3d at 222 (citation omitted). Plaintiff has invoked the Equal Protection Clause of the Fourteenth Amendment, but "does not allege membership in a class or group[.]" See Olech, 528 U.S. at 564 (citation omitted). Accordingly, the "class of one theory" applies. See id; see also Wolf, 482 F. Supp. 3d at 372 (citation omitted). The "exact contours of the underlying right" supporting a "class of one" plaintiff is the right "against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." See Olech, 528 U.S. at 564 (citation omitted). Though, vindication of this right requires an allegation that "the defendant treated him differently from others similarly situated[.]" See Hill, 455 F.3d at 239; Phillips, 515 F.3d at 244. Because Plaintiff's Complaint is entirely lacking of reference to "others similarly situated," she has failed to "alleged a deprivation of a constitutional right at all.'" See Chavarriaga, 806 F.3d at 222 (citation omitted); see also Hill, 455 F.3d at 239 ("Hill's claim must fail because he does not allege the existence of similarly situated individuals[.]"). Therefore, Plaintiff's equal protection claims against Lieutenant Brooks and Lieutenant Marshmond should be dismissed.[1]

---

[1] Other similarly situated District Courts have reached the same conclusion on review of equal protection claims predicated upon similar facts. See Washington v. Lehigh Cty. Dist. Attorney's Off., 541 F. Supp. 3d 536, 549 (E.D. Pa. 2021), appeal dismissed sub nom., 2021 WL

Specifically as it relates to Lieutenant Brooks, Plaintiff's only allegation relates to the "cheese" comment, which Plaintiff interpreted as Lieutenant Brooks calling her a rat. ECF #1 at ¶ 63. Plaintiff's allegation against Lieutenant Brooks is neither severe nor pervasive, and certainly does not amount to a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. In similar fashion, Plaintiff's allegations against Lieutenant Marshmond also do not amount to a violation of the Equal Protection Clause. Other than Lieutenant Marshmond passing on the "avocado" comment involving Plaintiff and Detective Crone to the City of Philadelphia's Internal Affairs Division ("IAD"), Plaintiff sets forth no additional facts that amount to a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Consequently, Moving Defendants respectfully request this Honorable Court dismiss Plaintiff's equal protection claims against Defendants, Lieutenant Brooks and Lieutenant Marshmond, and enter an Order in the form attached hereto.

## B. *PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AGAINST THE CITY OF PHILADELPHIA MUST BE DISMISSED*

Within the Complaint, Plaintiff sets forth claims for punitive damages against Defendant, City of Philadelphia. ECF #[1] at ¶¶ 156, 173. All claims for punitive damages against the City of

---

5849242 (3d Cir. Nov. 19, 2021); <u>Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n</u>, 505 F. Supp. 3d 447, 466 (M.D. Pa. 2020) (finding likelihood of success on the merits weak where "[p]laintiff has presented no evidence or credible argument that it was treated differently from similarly situated school districts[ ]" in support of "class of one" claim); <u>Wolf</u>, 482 F. Supp. 3d at 372 (finding "only reasonable inference to be drawn from the Second Amended Complaint is that nearly identical businesses were treated differently under the waiver program."); <u>Marsh v. Link</u>, 330 F. Supp. 3d 1045, 1049 (E.D. Pa. 2018) ("Nowhere in Marsh's Complaint, however, does he set forth facts suggesting that he was treated differently from similarly situated inmates. Thus, his allegation is an undeveloped conclusion.").

Philadelphia should be dismissed as the City is immune from the imposition of punitive damages. Newport v. Fact Concerts, 453 U.S. 247 (1981) (holding that "the deterrence rational of § 1983 does not justify making punitive damages available against municipalities"). Thus, any and all claims for punitive damages against Defendant, City of Philadelphia, must be dismissed, with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Moving Defendants, City of Philadelphia d/b/a Philadelphia Police Department, Captain Jason Smith, Lieutenant Daniel Brooks, Lieutenant Hamilton Marshmond, and Inspector Christopher Werner respectfully request this Honorable Court grant their Motion to Partially Dismiss Plaintiff's Complaint and enter an Order in the form attached hereto.

**MARSHALL DENNEHEY, P.C.**

BY: _____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*City of Philadelphia, Captain Jason Smith,*
*Lt. Hamilton Marshmond, Insp. Christopher*
*Werner, and Lt. Daniel Brooks*

Date: April 29, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMONITA KING | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTON |
| | : | |
| CITY OF PHILADELPHIA d/b/a | : | No. 2:24-cv-01003 |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| CAPTAIN JASON SMITH, LT. DANIEL | : | |
| BROOKS, LT. HAMILTON MARSHMOND | : | |
| and INSP. CHRISTOPHER WERNER | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of the foregoing Motion to Partially Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

MARSHALL DENNEHEY, P.C.

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*City of Philadelphia, Captain Jason Smith,*
*Lt. Hamilton Marshmond, Insp. Christopher*
*Werner, and Lt. Daniel Brooks*

Date: April 29, 2024